

RECEIVED
Mail Room

AUG - 4 2020

United States Court of Appeals
District of ... ... ...

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA



RECEIVED
Mail Room

AUG - 4 2020

U.S. ... ... ... Court
of Columbia

SCOTT WILSON
   in his capacity as
   **Utah Federal Public Defender**
   46 W. Broadway, Suite 110
   Salt Lake City, UT 84101

   and

KATHRYN NESTER
   in her capacity as
   **prior Utah Federal Public Defender**
   225 Broadway, Suite 900
   San Diego, CA 92101

     Plaintiffs,

vs.

FEDERAL BUREAU OF PRISONS
   320 First St., NW
   Washington, DC 20534,

     Defendant.

**COMPLAINT**

Civil Case No.

Case: 1:20-cv-02190      (I Deck)
Assigned To : Unassigned
Assign. Date : 8/4/2020
Description: FOIA/Privacy Act

### Complaint for Declaratory and Injunctive Relief

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, challenging the Federal Bureau of Prisons ("BOP") for its failure to fulfill the Utah Federal Public Defender's ("UFPD") request for records related to federal prisoners David Paul Wengler and Danny Fortner.

1

2. UFPD seeks declaratory relief that the Bureau of Prisons is in violation of FOIA for failing to fulfill the FOIA request, and injunctive relief that the Bureau of Prisons immediately and fully comply with UFPD's FOIA request.

## Parties

3. Scott Wilson is currently the Federal Public Defender for the District of Utah, consistent with 18 U.S.C. §3006A(g)(2)(A). He has served as the Federal Public Defender since June 2019, when he succeeded his predecessor in that office, Kathryn Nester. He is a U.S. citizen and a resident of Salt Lake City, Utah. He is a plaintiff in his capacity as the Utah Federal Public Defender ("UFPD").

4. Kathryn Nester was the Federal Public Defender for the District of Utah when the FOIA requests involved in this complaint were made.[1] She is a U.S. citizen and a resident of San Diego, California. She is a plaintiff in her capacity as former UFPD and as the signatory to the FOIA requests involved in this complaint.

5. The Bureau of Prisons ("BOP") is an agency of the Department of Justice as the term is defined in 5 U.S.C. §552(f)(1). The BOP's address is 320 First St., NW, Washington, DC 20534.

## Jurisdiction and Venue

6. This Court has subject-matter jurisdiction under 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

---

[1] Ms. Nester is now the executive director of Federal Defenders of San Diego, Inc., the community defender organization for the Southern District of California. *See* 18 U.S.C. § 3006A(g)(2)(B).

7.  Venue is proper in this district under 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1391(e).

## Statutory Framework

8.  The Freedom of Information Act, 5 U.S.C. §552, requires agencies of the federal government to release records to those who request them unless a specific statutory exemption applies.

9.  An agency must respond to a party making a FOIA request with 20 working days, notifying the party of the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency's head. 5 U.S.C. §552(a)(6)(A)(i).

10. In "unusual circumstances," an agency may delay its response to a FOIA request, but must provide notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. §552(a)(6)(B)(i).

11. If an agency does not deny a request for records, "the records shall be made promptly available to such person making such request." 5 U.S.C. §552(a)(6)(C)(i).

12. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

13. The burden is on the agency to justify the withholding of any record. *Id.*

## Facts Underlying Plaintiffs' Claim for Relief

14. Mr. Wilson and Ms. Nester are part of the defense team that currently represents Mark Issac Snarr.

15. Mr. Snarr has been convicted and sentenced to death in a criminal proceeding in the Eastern District of Texas, Case No. 1:09-cr-15. A motion for collateral relief pursuant to 28 U.S.C. §2255 is currently pending in the same district, Case No. 1:13-cv-724. He currently is incarcerated in the United States Penitentiary at Terre Haute, Indiana.

16. As part of its representation of Snarr in the collateral relief proceedings, the UFPD sought information on other individuals connected to Snarr's criminal prosecution. Among the means it used was FOIA requests submitted on Snarr's behalf.

17. This complaint concerns two FOIA requests that the UFPD sent to the Bureau of Prisons.

The Fortner Request

18. The first FOIA request involves Danny Fortner. It was sent to the BOP on July 5, 2016.

19. In the request, the UFPD asked for a wide variety of records that the prison kept on Fortner. After Fortner was released from prison, he died in March 2013. Consequently, no waivers were needed (or could be submitted) from him.

20. On July 15, 2016, the UFPD phoned the BOP's FOIA office, asking about the status of the request. He was informed that there was no record of the request. It was promptly resubmitted via fax. According to the BOP's FOIA tracking website, it was marked received on July 19, 2016.

21. On August 2, 2016, the UFPD received a letter from BOP acknowledging the request. It was assigned request number 2016-06166 and was assigned to the "complex track."[2]

22. In response to questioning about the status of the FOIA request, the UFPD received a phone message on October 19, 2016, stating that Christy Treadway, a BOP employee, had received the records responsive to the request. However, Treadway explained that there were prior requests ahead in the queue, and that she could offer no estimate on when the UFPD's FOIA request would be fulfilled.

23. Some months later, the BOP was again asked about the status of the FOIA request. On February 22, 2017, the UFPD received a message stating that the request was in the final stages of "processing" and would soon move to the "review" stage. There was no estimate on when the FOIA request would be fulfilled.

24. On May 11, 2017, the UFPD again inquired about the FOIA request for records concerning Fortner. Christy Treadway called back and explained that the request had been sent to her supervisor for final review and approval.

25. On September 11, 2017, in response to another inquiry, the UFPD was informed that nothing had changed since May and that the BOP could not offer any estimate on when the FOIA request would be fulfilled.

---

[2] Under Department of Justice regulations, a Department of Justice component (such as the BOP) may distinguish "between simple and more complex [FOIA] requests based on the estimated amount of work or time needed to process the request." 28 C.F.R. § 16.5(b).

26. On May 14, 2018, in response to another inquiry, the UFPD received an
email stating that the request was still waiting final review. Again, the BOP could not
offer any estimate on when the FOIA request would be fulfilled.

27. As of the time of this filing, no records have been received from the BOP in
response to this FOIA request.

28. As of the time of this filing, there has been no indication that the BOP was
denying this request in whole or in part.

The Wengler Request

29. The second FOIA request, a request for records concerning David Paul
Wengler, followed a similar course.

30. The UFPD made the FOIA request for Wengler's records on July 5, 2016.
This request included signed waivers from Wengler.

31. On July 15, 2016, the BOP confirmed that it had received the FOIA request
and that it was assigned the tracking number 2016-05776.

32. On February 22, 2017, the BOP informed the UFPD that it had not begun
processing the request and could not offer any estimate on when it would be
completed.

33. On May 11, 2017, the BOP informed the UFPD that it still had not begun
processing and again offered no estimate on when it would be completed.

34. On September 12, 2017, the BOP informed the UFPD that it had completed
processing the records, but now those records had to be reviewed. No estimate was
offered on when the FOIA request would be fulfilled.

.

35. On May 10, 2018, the BOP informed the UFPD that the records at issue in the FOIA request will still awaiting review. No estimate was offered on when the FOIA request would be fulfilled.

36. On November 14, 2019, the BOP produced a response to the Wengler request.[3] In the response, the BOP provided 363 pages of records. In a letter accompanying the records, the BOP stated that it had withheld release of 8 pages of records in their entirety. Of the 363 pages of records disclosed, 28 pages were disclosed without redaction, while the 335 pages of records were disclosed in part, with redactions made to portions of the page.

37. On February 10, 2020, the UFPD administratively appealed the BOP's response to the Wengler request. The appeal was directed to the Department of Justice's Office of Information Policy. The appeal argued that the BOP's response failed to include all responsive records and that it improperly redacted the records it did disclose.

38. On April 16, 2020, the Office of Information Policy responded to the appeal. Citing 28 CFR 16.8(b)(2), it declined to address the appeal because the FOIA request had become the subject of litigation. *See* Appeal Response, attached as Exhibit A.[4]

---

[3] Because they both contain personal information about Mr. Wengler, the FOIA response and the administrative appeal of the FOIA response will be submitted later so that restrictions consistent with FRCP 5.2 can be imposed.

[4] Before the BOP provided a response to the Wengler request, litigation was initiated in this court under case number 1:19-cv-1421-ABJ. The BOP moved to dismiss that suit, arguing that there was no subject-matter jurisdiction because the named plaintiff, Mr. Mark Issac Snarr, was not identified as the requester. Present counsel opposed the motion to dismiss and moved to amend the complaint to name plaintiff Scott Wilson as the plaintiff in that suit. The BOP opposed the motion to amend.

### Plaintiffs' Claims for Relief

**CLAIM ONE: Failure to Produce Records Under FOIA – Fortner Request**

39. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

40. Plaintiffs, through the July 5, 2016, FOIA request, properly requested records within the BOP's control regarding Danny Fortner.

41. The Defendant BOP has neither produced the records to the UFPD in response to the FOIA request, nor has it made any explicit and justified claims of statutory exemption.

42. Plaintiffs have exhausted the applicable administrative remedies with respect to Defendant BOP's wrongful withholding of the records regarding Fortner.

43. The BOP has violated FOIA's mandate to release agency records to the public by failing to release the records Plaintiffs requested. 5 U.S.C. §552(a)(3)(A).

**CLAIM TWO: Failure to Produce Records Under FOIA – Wengler Request**

44. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37.

45. Plaintiffs, through the July 5, 2016, FOIA request, properly requested records within the BOP's control regarding David Paul Wengler.

46. The Defendant BOP has failed to produce all responsive records. Plaintiffs incorporate by reference the arguments made in pages 2 through 11 of the Appeal Letter.[5]

---

The motion to dismiss was granted and the motion to amend was denied on July 6, 2020.
[5] As noted above, the Appeal Letter will be submitted after filing of this complaint.

47. The Defendant BOP has improperly redacted the records and portions of records, inconsistent with the exemptions provided under 5 U.S.C. § 552. The Defendant BOP has also failed to meet its burden to justify the claimed exemptions. Plaintiffs incorporate by reference the arguments made in pages 2 through 3 and 11 through 44 of the Appeal Letter.

48. The Defendant BOP has improperly declined to address the UFPD's administrative appeal.

49. Plaintiffs have exhausted the applicable administrative remedies with respect to Defendant BOP's wrongful withholding of records in the Wengler request.

### Prayer for Relief

Plaintiff respectfully requests that this Court:

(1) Declare that the Bureau of Prisons violated the Freedom of Information Act by failing to satisfy the UFPD's FOIA requests for all records regarding Danny Fortner.

(2) Direct the BOP to reconsider its exemption claims on the Wengler records in light of the arguments made in Plaintiffs' administrative appeal.[6]

---

[6] This request is made in the interests of judicial efficiency. While Plaintiff does not expect this to resolve all issues, he does expect the Defendant BOP will relent in some instances. Overall, there is strong evidence that exemptions were claimed too liberally. For example, as noted on page 21 of the Appeal Letter, it appears that the Defendant BOP has redacted Wengler's own name from records responsive to the Wengler FOIA request. Because the Defendant BOP declined to consider the administrative appeal, even such minor issues have not been resolved.

(3) Declare that the Bureau of Prisons violated the Freedom of Information Act
by failing to satisfy the UFPD's FOIA requests for all records regarding David
Paul Wengler and by improperly claiming exemptions for records regarding
Wengler.

(4) Order the BOP to process and release immediately all records responsive to
Plaintiffs' FOIA requests at no cost to plaintiff;

(5) Retain jurisdiction of this action to ensure the fulfillment of Plaintiffs' FOIA
requests and that no agency records are unlawfully withheld;

(6) Award plaintiff appropriate litigation costs incurred in this action, pursuant to
5 U.S.C. §552(a)(4)(E); and

(7) Grant such other and further relief as the Court may deem just and proper.


RESPECTFULLY SUBMITTED this August 3, 2020.


/s/ Nathan Phelps
Research and Writing Attorney
Utah Federal Defender Office
46 West Broadway Suite 110
Salt Lake City, Utah 84101
Direct: (801)524-4010
nathan_phelps@fd.org

*Counsel for Scott Wilson and
Kathryn Nester*



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Nathan Phelps, Esq.
UTAH Federal Defender Office
Suite 110
46 West Broadway                          Re:   Appeal No. A-2020-00110
Salt Lake City, UT  84101                        Request No. 2016-05776
                                                 MWH: JKD
nathan_phelps@fd.org

**VIA: Email**

Dear Nathan Phelps:

        You appealed from the action of the Federal Bureau of Investigation on your Freedom of
Information Act request for access to records concerning David Paul Wengler.

        I have been informed that you filed a lawsuit concerning BOP's action in the United
States District Court for the District of Columbia.  As indicated in the Department of Justice's
regulations located at 28 C.F.R. 16.8(b)(2) (2019), an appeal ordinarily will not be acted upon
by this Office if the FOIA request becomes the subject of litigation.  For this reason, I am
closing your appeal file in this Office.

        If you have any questions regarding the action this Office has taken on your appeal, you
may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak
with the undersigned agency official by calling (202) 514-3642.

                                Sincerely,

                                X_____
                                Matthew Hurd, Acting Chief, Administrative
                                Appeals Staff

Exhibit A to Complaint

Recycled fiber
st-Consumer

**Window**
Use this envelope
or inkjet printer o

**Extremely Urgent**

Visit ups.com® or call 1-800-PICK-UPS® (1-800-742-5877)
to schedule a pickup or find a drop off location near you.

**Domestic Shipments**

- To qualify for the Letter rate, UPS Express Envelopes may only contain
  correspondence, urgent documents, and/or electronic media, and must
  weigh 8 oz. or less. UPS Express Envelopes containing items other than
  those listed or weigh

**International Shipments**

- The UPS Express Env
  value. Certain countr
  ups.com/importexpo

**Note:** Express Envelope
containing sensitive per
or cash equivalent.

- To qualify for the Lett
  UPS Express Envelope

LACEY BAGLEY
UTAH FEDERAL PUBLIC DEFENDER O
46 W BROADWAY
SALT LAKE CITY  UT 84101

**1 LBS**    **1 OF 1**

**SHIP TO:**
     UNITED STATES DISTRICT COURT DC
     333 CONSTITUTION AVE NW
     **WASHINGTON  DC 20001-2804**



**MD 201 9-58**

**UPS NEXT DAY AIR SAVER**    **1P**
TRACKING #: 1Z 79A 559 13 9320 6948



BILLING: P/P

Sender's Name: Lacey Bagley
UFPD Case Number: 2014-220        CS 22 0 11    WN7NV50 31 0A 07/2020



**Insert shipping document
under window from the**

